United States District Court
For the Northern District of California

1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  S.M., a minor, by his parent and next            No. C 06-6653 CW
    friend Carol Allen, and CAROL ALLEN,
11                                                    ORDER GRANTING
12            Plaintiffs,                             DEFENDANTS'
                                                      MOTION TO DISMISS
13       v.

14  WEST CONTRA COSTA COUNTY UNIFIED
    SCHOOL DISTRICT, a California
15  Municipality; WEST CONTRA COSTA
    UNIFIED SCHOOL DISTRICT BOARD OF
16  EDUCATION, in their official
    capacities; BRUCE HARTER, in his
17  capacity as Superintendent; WENDELL
    GREER, in his official capacity;
18  HARRY CULBERTSON, as an individual
    and in his official capacity; STEVE
19  COLLINS, in his official capacity;
    DARLENE JONES, in her official
20  capacity; KEN TALKEN, in his official
    capacity; and DOES 1-10,
21
              Defendants.
22  _____/

23

24       Defendants West Contra Costa County Unified School District

25  (the District), West Contra Costa Unified School District Board of

26  Education, Bruce Harter, Wendell Greer, Harry Culbertson, Steve

27  Collins, Darlene Jones and Ken Talken (collectively, Defendants)

28  move to dismiss this action, arguing that this Court lacks

**United States District Court**
For the Northern District of California

jurisdiction over the claims set forth in the complaint.
Plaintiffs S.M., a minor, and his mother, Carol Allen,
(collectively, Plaintiffs) oppose this motion.  The matter was
decided on the papers.  Having considered all of the papers filed
by the parties, the Court grants Defendants' motion and dismisses
Plaintiffs' complaint.

BACKGROUND

Plaintiffs, a minor child and his mother, filed suit against
the District, its Board and several of its current and past
employees, alleging that Defendants denied Plaintiff S.M. a free
and appropriate public education.  According to their complaint,
Plaintiff S.M. has a learning disability.  His special education
needs, however, were not recognized or met within the District.
While at Hercules Middle School, a school within the District,
Plaintiff S.M. was physically, emotionally and mentally abused.
Staff at the school harassed and discriminated against him.  During
the 2005-2006 fall semester, he did not receive accommodations for
his disability.  As a result, S.M. was denied access to a free
appropriate public education and suffered emotional distress.  His
mother also suffered emotional distress as a result of Defendants'
actions.

Plaintiffs have brought claims against Defendants under the
Individuals with Disabilities Education Act (IDEA), Section 504 of
the Rehabilitation Act of 1973, the Americans with Disabilities Act
(ADA), 42 U.S.C. § 1983 and the Equal Protection Clause.
Plaintiffs also allege what appear to be four state law claims for
negligence, "tortous [sic] conduct of employee," "emotional

2

distress," and "retaliation."  Defendants contend that, due to
Plaintiffs' failure to exhaust their administrative remedies under
the IDEA, all these claims must be dismissed.

LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(1) when the district
court lacks subject matter jurisdiction over the claim.  Fed. R.
Civ. P. 12(b)(1).  Federal subject matter jurisdiction must exist
at the time the action is commenced.  Morongo Band of Mission
Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th
Cir. 1988).  A federal court is presumed to lack subject matter
jurisdiction until the contrary affirmatively appears.  Stock West,
Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

A Rule 12(b)(1) motion may either attack the sufficiency of
the pleadings to establish federal jurisdiction, or allege an
actual lack of jurisdiction which exists despite the formal
sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. &
Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v.
Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  In deciding a
Rule 12(b)(1) motion, the court assumes the truth of the
allegations in the complaint, unless controverted by undisputed
facts in the record.  Roberts, 812 F.2d at 1177.  An action should
not be dismissed for lack of subject matter jurisdiction without
giving the plaintiff an opportunity to amend unless it is clear
that the jurisdictional deficiency cannot be cured by amendment.
May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th
Cir. 1980).

**United States District Court**

For the Northern District of California

1                                   DISCUSSION

2      Defendants argue that the Court lacks jurisdiction over

3 Plaintiffs' federal claims because Plaintiffs failed to exhaust

4 administrative remedies, provided by the IDEA, prior to filing suit

5 and, therefore, the Court should dismiss Plaintiffs' federal claims

6 as well as their state law claims.[1]  Plaintiffs respond that they

7 are not required to exhaust the IDEA administrative remedies and

8 that, even if they are, they have exhausted such remedies.

9 I.  The IDEA and Exhaustion

10      As noted above, Plaintiffs allege that Defendants violated the

11 IDEA.  Their second cause of action states that they "seek

12 injunctive relief and damages due to a violation of the Individuals

13 with Disabilities Education Act."  Complaint, ¶ 56.  The IDEA was

14 enacted "to ensure that all children with disabilities have

15 available to them a free appropriate public education that

16 emphasizes special education and related services designed to meet

17 their unique needs . . . [and] to ensure that the rights of

18 children with disabilities and parents of such children are

19 protected."  <u>Robb v. Bethel Sch. Dist. # 403</u>, 308 F.3d 1047, 1049

20 (9th Cir. 2002) (alterations in original) (quoting 20 U.S.C.

21 § 1400(d)).

22      The IDEA requires that, if a plaintiff is "seeking relief that

23 ─────────────────────

24     [1]Defendants argue that, if the Court finds that it has subject matter jurisdiction, Plaintiffs' state law claims for "tortous

25 [sic] conduct of employee," "emotional distress," and "retaliation" fail to state a claim upon which relief can be granted, requiring

26 dismissal.  Because, as discussed below, the Court finds that it does not have jurisdiction over Plaintiffs' claims, the Court need

27 not address this argument.

28                                4

is also available" under the IDEA, the plaintiff must exhaust the administrative remedies that the IDEA provides before commencing suit.  Id.  This exhaustion requirement applies to causes of action based on the IDEA as well causes of actions based on other federal statutes, such as the ADA or section 1983.  See id. at 1048-50; 20 U.S.C. § 1415(l)[2].  And the Ninth Circuit has held "that when a plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies, exhaustion of those remedies is required."  Robb, 308 F.3d at 1048. The Ninth Circuit explains that its "primary concern in determining whether a plaintiff must use the IDEA's administrative procedures relates to the source and nature of the alleged injuries for which he or she seeks a remedy, not the specific remedy requested."  Id. at 1050.

In determining whether a plaintiff is seeking relief available under the IDEA, the "dispositive question" is whether the plaintiff's alleged injuries could be redressed to any degree by the IDEA's administrative procedures and remedies: "If so, exhaustion of those remedies is required.  If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary."  Id.  Even in situations where it is not clear

_____

[2]This subsection provides that the IDEA does not limit the rights and remedies available under "other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f)[due process hearing] and (g)[appeal] of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter."  20 U.S.C. § 1415(l).

United States District Court

For the Northern District of California

1   whether the IDEA can remedy a particular injury, however,

2   "exhaustion should be required to give educational agencies an

3   initial opportunity to ascertain and alleviate the alleged

4   problem." Id.

5       If a plaintiff is required to exhaust administrative remedies

6   under the IDEA, but fails to do so, federal courts are without

7   jurisdiction to hear the plaintiff's claims.  Witte v. Clark County

8   Sch. Dist., 197 F.3d 1271, 1274 (9th Cir. 1999).

9       A.  Whether Plaintiffs must exhaust administrative remedies

10      Plaintiffs contend that they need not exhaust the

11  administrative remedies and procedures provided by the IDEA.  Their

12  reliance on Witte, however, is unavailing.  In Witte, the plaintiff

13  alleged violations of section 1983, the Rehabilitation Act, the ADA

14  and various state laws; unlike Plaintiffs here, the plaintiff

15  brought no cause of action under the IDEA.  The court held that,

16  because the plaintiff sought only monetary damages, which is not

17  "relief that is available under" the IDEA, "and because all

18  educational issues already have been resolved to the parties'

19  mutual satisfaction through the IEP process, Plaintiff is not

20  'seeking relief that is also available' under the IDEA."  Id. at

21  1275.  Therefore, the court in Witte found that exhaustion was not

22  required and reversed the district court's dismissal of the

23  plaintiff's action.  Id.

24      Here, however, Plaintiffs seek more than money damages for

25  past injuries; they also seek injunctive relief and relief for

26  current and future emotional damage.  More importantly, all

27  educational issues have not been resolved to the parties'

28                              6

satisfaction through the IDEA's administrative procedures and
remedies, as they were in <u>Witte</u>.  While some educational issues
have been resolved through administrative procedures and remedies,
not all educational issues were resolved to the parties' mutual
satisfaction.  This is evident from Plaintiffs' complaint and
evidence presented by both sides, discussed below.  Therefore,
<u>Witte</u> does not avail Plaintiffs; it is the Ninth Circuit's decision
in <u>Robb</u> that applies.

    In <u>Robb</u>, the plaintiff was a student with cerebral palsy; her
teacher had removed her from the classroom for "peer-tutoring,"
outside the supervision of a certified teacher.  Her parents filed
suit under section 1983 seeking monetary damages to compensate them
for "lost educational opportunities" and "emotional distress,
humiliation, embarrassment, and psychological injuries."  <u>Robb</u>, 308
F.3d at 1048.  Although the case did not allege a cause of action
under the IDEA, the district court dismissed the case based on the
plaintiffs' failure to exhaust administrative remedies under the
IDEA.  The plaintiffs appealed and Ninth Circuit affirmed, opining:

> This case is a good example of why parents should not be
> permitted to opt out of the IDEA simply by making a demand for
> money or services the IDEA does not provide.  The Robbs seek
> money to compensate them for "lost educational opportunities"
> and "emotional distress, humiliation, embarrassment, and
> psychological injury."  Why do they want this money?
> Presumably at least in part to pay for services (such as
> counseling and tutoring) that will assist their daughter's
> recovery of self-esteem and promote her progress in school.
> Damages could be measured by the cost of these services. Yet
> the school district may be able (indeed, may be obliged) to
> provide these services <u>in kind</u> under the IDEA.  The IDEA
> requires a school district to provide not only education but
> also "related services."

<u>Id.</u> at 1050.  The court noted that one of these related services is

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    psychological counseling for children and parents.   Id.

2        Because Plaintiffs' alleged injuries, like the alleged

3    injuries in Robb, could be redressed by the IDEA's administrative

4    procedures and remedies, the Court finds that Plaintiffs must

5    exhaust administrative remedies before bringing suit under the

6    IDEA, the ADA, the Rehabilitation Act, section 1983 and the United

7    States Constitution.

8        B.   Whether Plaintiffs did exhaust administrative remedies

9        Plaintiffs, however, contend that they did exhaust the

10   administrative procedures and remedies provided by the IDEA.  This

11   contention is without merit.

12       Plaintiffs point to paragraph thirty-six in their complaint.

13   But this paragraph does not state that Plaintiffs exhausted

14   administrative procedures, nor does any other paragraph in their

15   complaint.  Paragraph thirty-six only states, "The district ignored

16   the emotional needs of [S.M.] and failed to provide him the

17   counseling that he had won in a previous due process complaint.

18   Mr. Culbertson suspended [S.M.] so often that he could not access

19   the services to help his emotional situation."

20       Indeed, the documents Plaintiffs provide show that not all

21   educational issues were resolved to the parties' mutual

22   satisfaction and that Plaintiffs did not exhaust the administrative

23   remedies available to them under the IDEA.  Plaintiffs' Exhibit 3

24   is an Order Following Prehearing Conference by the Office of

25   Administrative Hearings, Special Education Division.  As Plaintiffs

26   note, it provides that the issue of whether the District denied

27   Plaintiff S.M. a free and appropriate public education (FAPE) from

28
                                    8

United States District Court

For the Northern District of California

December 14, 2005 until January 12, 2006 was resolved by an Interim Agreement executed on December 14, 2005.  But the order also provides that the "remaining issue is as follows: Did the District deny Student a FAPE from September 21, 2005 to December 13, 2005." Hodge Dec., Ex. 3.  The order did not, as Plaintiffs contend, state that all education issues were resolved; rather, the order stated that there would be a hearing on June 1 and 2, 2006, to address the remaining issue.  That hearing, however, never took place because Plaintiffs' counsel sent a letter to the Office of Administrative Hearings stating that Plaintiff S.M. was withdrawing his request for a hearing, for the purpose of amending his request "and adding additional issues and removing current issues to Petitioners [sic] judicial proceeding against West Contra Costa Unified School District."  Rowe Dec., Ex. 4.

The Court finds that Plaintiffs did not exhaust their administrative remedies under IDEA.  Because they are required to do so, and did not, the Court lacks jurisdiction over their federal claims.

II.  State Law Claims

As noted above, Plaintiffs bring state law claims in addition to the federal claims.  Because the Court lacks jurisdiction over the federal claims, it does not have supplemental jurisdiction over the state law claims, and those claims must also be dismissed.  See 28 U.S.C. § 1367(a); Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002).

CONCLUSION

As the Ninth Circuit instructs, "where, as here, a plaintiff has alleged injuries that could be redressed to some degree by the IDEA's administrative procedures and remedies, then the courts should require exhaustion of administrative remedies." Robb, 308 F.3d at 1054.  Because Plaintiffs have not exhausted their administrative remedies, the Court GRANTS Defendants' Motion To Dismiss the Complaint for Lack of Subject Matter Jurisdiction (Docket No. 14).[3]  Plaintiffs' complaint is dismissed without prejudice to refiling after Plaintiffs have exhausted their claims, as required by Ninth Circuit law.  The state law claims are dismissed without prejudice to refiling in state court.  Judgment shall enter accordingly.  Defendants shall recover their costs from Plaintiffs.

IT IS SO ORDERED.


Dated: 1/10/07

_____
CLAUDIA WILKEN
United States District Judge

_____

[3]Both parties filed motions for judicial notice.  Neither motion is opposed.  Defendants' Motion for Judicial Notice (Docket No. 16 and Plaintiffs' Motion for Judicial Notice (Docket No. 20) are also GRANTED.